# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KAREN S. HILEMAN,

        Plaintiff,

v.                                CASE NO. 4:16cv704-RH/CAS

CARLOS J. MARTINEZ, PUBLIC
DEFENDER, MIAMI-DATE COUNTY,

        Defendant.

_____/

## ORDER DENYING THE MOTION TO DISMISS

This is an employment-discrimination case. The plaintiff alleges that after her employment with the defendant ended, the defendant provided false, negative job references to prospective employers and that, as a result, the plaintiff was not hired. The plaintiff alleges that the defendant did this because of the plaintiff's disability or in retaliation for complaints of disability discrimination asserted by the plaintiff while she was employed by the defendant. The plaintiff asserts claims under the Rehabilitation Act of 1973 and the Florida Civil Rights Act. The defendant has moved to dismiss for failure to state a claim on which relief can be granted. This order denies the motion.

I

The Supreme Court has set out the standards governing a motion to dismiss

for failure to state a claim:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short
> and plain statement of the claim showing that the pleader is
> entitled to relief." Specific facts are not necessary; the statement
> need only " 'give the defendant fair notice of what the . . . claim is
> and the grounds upon which it rests.' " *Bell Atlantic Corp. v.
> Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,
> 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's
> motion to dismiss, a judge must accept as true all of the factual
> allegations contained in the complaint. *Bell Atlantic Corp.*, *supra*,
> at 555-556 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508,
> n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer
> v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court must accept the

complaint's allegations as true "even if [the allegations are] doubtful in fact."

*Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must a

complaint allege with precision all the elements of a cause of action. *See

Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint

could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action

alone sufficient. A complaint must include more than "labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not

merely consistent with)" the plaintiff's entitlement to relief. *Id*. at 557. The complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id*. at 678-79.

## II

Based on these principles, the plaintiff in an employment-discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination or retaliation, or (2) sufficient to show, or at least support an inference, that the plaintiff can make out a prima facie case under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See*, *e.g.*, *Ansley v. Fla., Dep't of Revenue*, No.

4:09cv161-RH/WCS, 2009 WL 1973548 (N.D. Fla. July 8, 2009) (adopting this standard).

Here the complaint is sufficient. The plaintiff Karen S. Hileman alleges, among other things, that while an employee of the defendant Miami-Dade Public Defender, she suffered a serious illness, missed a significant amount of work, and, upon return, asked for accommodations. She complained of discrimination and eventually settled a claim of discrimination during her employment; she does not reassert that claim in this action. Her allegation now is that after her employment ended, she applied for other jobs but did not get them because the Miami-Dade Public Defender provided false, negative references. Ms. Hileman alleges that the Public Defender did this because of Ms. Hileman's disability or in retaliation for her earlier complaints of disability discrimination.

One element of an employment-discrimination claim is an "adverse employment action." A false, negative reference may constitute an adverse employment action. *See, e.g.*, *Knapp v. Gulf Cty. Sch. Bd.*, No. 5:16cv20-RH/GRJ (N.D. Fla. Dec. 29, 2016).[1] So Ms. Hileman has adequately alleged that she suffered an adverse employment action.

---

[1] Because the *Knapp* decision may not be readily available, a copy is attached to this order.

The Public Defender has asserted other deficiencies in the complaint, but only one warrants mention. The Rehabilitation Act applies only if the Public Defender's office received federal funding. *See, e.g.*, *Lussier v. Dugger*, 904 F.2d 661, 664-65 (11th Cir. 1990). The complaint alleges that this requirement is met. The Public Defender says the allegation is not enough, but that is incorrect. And it perhaps bears noting that the Public Defender has *not* denied that his office received federal funding.

One of course cannot know, based only on the complaint, whether the Public Defender received federal funding, whether he provided false, negative references, or whether he did it based on disability discrimination or retaliation. But even after *Twombly* and *Iqbal*, a district court cannot properly resolve a factual dispute based only on a review of the complaint. Instead, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics and Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993).

III

For these reasons,

IT IS ORDERED:

The defendant's motion to dismiss, ECF No. 7, is denied.

SO ORDERED on January 6, 2017.

s/Robert L. Hinkle_____
United States District Judge